UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY D. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV1633 CDP |
| | ) |
| CHRIS KOSTER, et al., | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's fourth attempt to reopen and/or set aside the judgment in this action [Doc. #13].

When plaintiff filed this action on September 1, 2010, he was seeking review of a denial of benefits by the Missouri of Workers' Compensation Division of the Missouri Department of Labor and Industrial Relations for injuries sustained at his workplace. At that time, plaintiff was working as a postal worker in St. Louis, Missouri. The Court dismissed this action on November 10, 2010, for lack of subject matter jurisdiction, as the Labor and Industrial Relations Commission has exclusive jurisdiction to determine whether an employee's injuries occurred as a result of an employee's employment. *See Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723 (Mo. Banc 1982). As noted in its dismissal order, the decision of the Department of Labor to grant or deny compensation is not subject to review by this Court. *See* Mo.Rev.Stat. § 287.120. Plaintiff's requests for reconsideration of the dismissal were denied on multiple occasions.

In his latest request for reconsideration of the dismissal, plaintiff states that he was placed on extended disability by the postal service and eventually placed on "disability retirement."

Plaintiff believes that he was "fired and retired" at the same time. He seeks a "full investigation" into the matter.

This Court is not an investigatory body, and as explained to plaintiff in its prior orders, the Court must have jurisdiction over plaintiff's complaint in order to preside over his case or controversy. To the extent plaintiff is asserting claims that were already adjudicated by the Department of Labor, this Court has no jurisdiction over plaintiff's requests. As such, his motion to reopen the present action will be denied. To the extent plaintiff's claims relate to matters outside the present action, he will need to file a new action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this action [Doc. #13] is **DENIED**.

**IT IS FURTHER ORDERED** that as plaintiff's time to appeal the Court's dismissal has passed, the Clerk of Court shall not accept any further motions in this closed case.

Dated this 5th day of August, 2015.

                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE